UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
KURT CLAYWELL

Chapter 7

Debtor

Case No. 05-23197

APPEARANCES:

Anthony S. Novak, Esq.
Chorches and Novak, P.C.
1331 Silas Deane Highway, Suite 202, Wethersfield, CT 06109
Chapter 7 Trustee

Thomas G. Benneche, Esq.
885 Hopmeadow Street, Simsbury, CT 06070
Counsel for Jeffrey L. Battiston

## MEMORANDUM OF DECISION

KRECHEVSKY, U.S.B.J.

### I.

### ISSUE

The issue here presented is the enforceability of a "Right of First Refusal" ("RFR") when the grantor of the RFR is a debtor in a Chapter 7 case and the trustee seeks to sell the affected land. Although neither the appearing parties, nor the court, have located decisional authority squarely in point, the court is convinced that the result in this proceeding is dictated by the reasoning of the Connecticut Supreme Court in Tadros v. Middlebury Medical Center, Inc., 263 Conn. 235 (2003) ("Tadros"), denying the enforceability of a RFR in a mortgage foreclosure sale since such sale is not an intentional sale by the owner.

## II.

## BACKGROUND

Kurt Claywell ("the debtor") filed a Chapter 7 petition on September 20, 2005. His assets included 114 acres of real property known as 123R Case Street, Granby, Connecticut ("the Property"). Anthony S. Novak ("the trustee") was appointed trustee of the bankruptcy estate. The trustee, on January 18, 2007, filed a "Notice of Intent to Sell Real [the Property] at Private Sale Pursuant to 11 USC §363 and Opportunity to Make Better and Higher Offer" ("the Notice")[1]. The Notice included the following paragraph: "Said sale is subject to an Easement, Restrictive Covenant and Agreements Between Jeffrey L. Battiston and Kurt Claywell ... as found in Vol. 268 at Pg, 78 of the Granby land records" ("the Agreement"). The Notice further stated the Property would be sold to Richard Littauer, Jr. for $600,000 subject to the trustee receiving "a higher bid or better offer."

Jeffrey L. Battiston ("Battiston"), the owner of a parcel of land adjoining the Property, and the debtor, on July 10, 2002, entered into the Agreement concerning their two parcels. The Agreement includes the following paragraph:

> 3.  Battiston and Claywell mutually agree that each other will have a right of first refusal to purchase the other property in the event the other chooses to sell his parcel. The respective parties shall have the right to purchase the parcel for the same amount as a "bona fide" written offer to purchase presented to the owner of the parcel. The party contemplating the exercise of this right of first refusal shall have 10 days from the written offer being presented to exercise the right of

---

[1] Bankruptcy Code §363(b)(1) states, in relevant part: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

2

> first refusal or question the authenticity of the claimed offer. This Right of First Refusal extends to each parties entire parcel, or a portion thereof. Mutually excepted from the Right of First Refusal is the sale from either party to their respective heirs or family members (who must hold title in the property for a minimum of two years).

(Agreement ¶ 3.)

Battiston filed an objection to the Notice contending that under the RFR described in the Agreement he is not required to engage in a bidding contest for the Property, but may exercise his RFR after the trustee accepts a bona fide written offer, however achieved.

The parties have filed memoranda containing their claims of law. The trustee contends the RFR is not enforceable because it violates the Connecticut Rule Against Perpetuities. Conn. Gen. Stat. §45a-491. Battiston argues the RFR is valid "and the Trustee does not accede to any different status than that of the Debtor under the recorded agreement." (Battiston's 2/9/07 Mem. ¶6.)

### III.

### DISCUSSION OF TADROS

"Property interests are created and defined by state law." Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979). Accordingly, Connecticut law determines the extent of Battiston's rights pursuant to the RFR.

In Tadros, the Connecticut Supreme Court noted that a RFR "is known more technically as a preemptive option .... a right to buy before or ahead of others ... but, and this is the important point, *only if the seller decides to sell*.... [The owner] did not sell the property; rather the court-appointed committee was the seller...." Tadros, 263 Conn. at 240-242 (emphasis in the original). That court further elaborated:

> We also note that, as a policy matter, acceptance of [the] argument, that the holder of a right of first refusal can exercise that right in the context of a foreclosure sale, would interfere with the process of liquidation established in our procedures for foreclosures by sale. The existence of a right of first refusal could detrimentally affect ... the bid price obtained for the property. Similarly, potential bidders likely would be discouraged from bidding at auctions when they are aware that any successful bid can be matched by a holder of a right of first refusal after completion of the auction.

Id. at 244.

The observations of the Tadros court manifestly apply as well to a bankruptcy trustee's sale in a Chapter 7 case, where the trustee has the statutory obligation to liquidate assets of the estate. The first listed duty of a trustee is to "reduce to money the property of the estate for which the trustee serves." Bankruptcy Code §704(a)(1). In short, the debtor does not "choose to sell" in the language of the Agreement.

### IV.

### CONCLUSION

The objection of Battiston to the Notice is overruled, and the trustee may proceed with a sale of the Property (at which Battiston may be a bidder only). It is SO ORDERED.

Dated at Hartford, Connecticut this 27th day of February, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
KURT CLAYWELL

Chapter 7

Debtor

Case No. 05-23197

## JUDGMENT

The court, having issued a Memorandum of Decision of even date, it is

ORDERED and ADJUDGED that the objection of Jeffrey L. Battiston to the "Trustee's Notice of Intent to Sell Real Property Known as 123R Case Street, Granby, Connecticut..." be overruled.

Dated at Hartford, Connecticut this 27th day of February, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE